IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KARA KENNEDY** and **ERICK SMITH**, <br><br> Plaintiffs, <br><br> v. <br><br> **THE KIVE COMPANY**, a Delaware corporation, <br><br> Defendant. | Case No. 3:24-cv-1915-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on March 10, 2025. Judge Beckerman recommended that this Court grant in part and deny in part Defendant's motion to dismiss and dismiss Plaintiffs' request for emotional distress damages.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant timely filed an objection, to which Plaintiffs responded. Defendant objects to the portion of Judge Beckerman's recommendation finding that Plaintiffs have pleaded an ascertainable loss under Oregon's Unlawful Trade Practices Act ("UTPA").

Defendant argues that Plaintiffs' alleged losses of more than $15,000 in legal fees and about $15,000 "for help in trying to resolve this dispute," ECF 1 ¶¶ 24-25, are not ascertainable losses under the UTPA because they are either attorney's fees incurred in the dispute or self-help costs spent to prevent a future loss. *See Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1141 (D. Or. 2014) ("[F]ees and litigation costs are incurred only as a result of this litigation and are not the type that flow directly from unfair trade practices."); *Paul v. Providence Health Sys.-Or.*, 351 Or. 587, 603 (2012) (holding that money "expended to prevent or mitigate the possible future use or disclosure of their confidential information by a third party" was not an ascertainable loss). Plaintiffs respond that their legal fees and self-help costs were not incurred

only because of the litigation but were necessary to remedy Defendant's wrongful conduct and recover their children's artwork. Accordingly, Plaintiffs argue that both their legal fees and self-help costs were direct results of Defendant's conduct and thus ascertainable losses. Plaintiffs further contend that, as the Findings and Recommendation notes, their self-help costs are separate from their attorney's fees—Plaintiffs plead that they have incurred more than $15,000 in legal fees *and* that they have paid about $15,000 for help to resolve the dispute. ECF 1 ¶¶ 24-25.

Making all reasonable inferences in favor of Plaintiffs, as is required at the pleading stage, Plaintiffs sufficiently allege an ascertainable loss. Plaintiffs assert that they spent some amount of money[1] to remedy the harm they suffered because of Defendant's alleged wrongful conduct. Although a portion of these costs may have been incurred solely because of litigation and thus would not qualify as ascertainable losses for purposes of the UTPA, Plaintiffs plausibly allege that at least some of these costs were not merely a consequence of this lawsuit but were a direct result of Defendant's conduct. An ascertainable "loss need not be quantitatively large, and courts have found losses as small as $2.00 to be quantitatively ascertainable." *Fauley v. Wash. Mut. Bank FA*, 2014 WL 1217852, at *4 (D. Or. Mar. 21, 2014) (citing *Crooks v. Pay Less Drug Stores Nw., Inc.,* 285 Or. 481, 487 (1979)). Thus, Plaintiffs have sufficiently alleged that they suffered an ascertainable loss under the UTPA.

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

---

[1] "[T]here is no need to allege or prove the *amount* of the 'ascertainable loss.'" *Simonsen v. Sandy River Auto, LLC*, 290 Or. App. 80, 91 (2018) (emphasis in original) (quoting *Scott v. W. Int'l Surplus Sales, Inc.*, 267 Or. 512, 515 (1973) (en banc)).

The Court ADOPTS the Findings and Recommendation, ECF 16. The Court GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss, ECF 5. The Court dismisses Plaintiffs' claims for emotional distress damages under the UTPA. Plaintiffs may proceed on the remainder of their claims.

**IT IS SO ORDERED.**

DATED this 14th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge